Good morning, your honors, Matt Larson of the Federal Defenders, from Mr. Rosado. Your honors, the government concedes that the special conditions of supervision were challenging were not in Judge Rakoff's oral pronouncement of the sentence. That resolves this issue, as this court has held for many years. The oral sentence controls, and any new additions to it in the judgment must be struck. So what are you looking for in terms of relief? Do you just, if we remand, what do you want? Simply to strike the conditions we're challenging, your honor. And those conditions are set out on pages 8 and 9 of our case. But the harm from the failure to announce, to orally pronounce the conditions, relates to your ability and your client's ability to challenge the conditions, in part, right? That's one consideration, your honor. Certainly another is the importance of the defendant being physically present for sentence. Right. I'm sorry, go ahead. No, no, no, go on. Well, so could both of those concerns be addressed if we remanded for, we vacated and remanded for a hearing with the defendant's presence? And I, I'm sorry, I can't recall where he physically is. But remand for a hearing with the defendant present to sort of reopen the question of these special conditions. What I can say, your honor, is that that is not the remedy in these cases. In every single case in our brief, the remedy for an error like this is to strike the conditions that were not pronounced orally. The government does not get a do-over to try to have a new sentence with additional conditions on the defendant. The uniform remedy in these cases is to strike the conditions that were not pronounced. Which your client's, is he still in custody? He is. Mr. Osada, what's his, what are we looking at in sort of projected release when these will kick in? He's doing 20 years, right? He's got another 12 years to go or something like that with good time? Anyway, a long way off. A long way off. All right, thank you. Can I ask, so with respect to whether, so we have cases that allow the incorporation of the conditions in the PSR to be made at sentencing by saying I'm incorporating the conditions. Do you accept that that's a, that's an available option for district courts? Yes, your honor. Nothing like that happened here. Well, and then, I mean, then we have at least a summary order that says, well, you don't have to say PSR in context. You can understand that what the court is doing is adopting the conditions as outlined in the PSR. Is that, is that the law? Well, your honor, in the Lateef case that the government cites, the judge said all of the special conditions are imposed. Judge Rakoff didn't say that. No, but he said, as you do, I'm adopting the PSR. No, your honor, not with respect to these conditions. When he set out the special conditions, he was very precise. He went through six conditions. He said what they were. He didn't say I'm also incorporating by reference all the other suggestions that the probation officer has made to me. He was very precise in the conditions. But he is. You can see what he's doing. He's looking at the PSR, and he's reading them, and he's truncating rather than reading the whole thing. He's truncating, but he's going in the same order they're listed in the PSR. He's using essentially the same language for a sentence or two, and then he's moving to the next, the next, the next. Respectfully, your honor, I disagree. He wasn't truncating. The proposed conditions are very, very long, just as they appear in the judgment. The actual conditions Judge Rakoff imposed were very, very short, and he didn't say I'm just summarizing here or I'm incorporating by reference. No, he did. But he, I guess the question is in context, is it clear that that's what he's doing? I think here where the standard of review is de novo, and we don't have to show a plain error or anything like that. You look simply at what Judge Rakoff said, and then you look at the conditions in the judgment. They don't match. And when he's imposing these conditions, he's not saying I'm going to summarize now what the probation officer has recommended, and I'm adopting them. Or, you know, in short, do this, do that, don't do that. He's very precise in what he says. He laid out the six conditions, and he didn't say I'm incorporating by reference other things. This is not Latif. And he, and it's not uncommon for a sentencing judge to impose conditions that are different than what is recommended, to modify the recommendations of the probation office. So a counsel and a defendant standing there wouldn't necessarily think, oh, gosh, this doesn't match what's in the PSR. He must not meet it. It's not self-evident for the parties. Thank you for articulating better than I did at this point, Your Honor. Yes, this was a modification. That's why it's not a plain error. You don't have to object because you, the conditions are what he's saying as he's saying them. Exactly. There's no obligation to object to proposed conditions in a PSR that a judge does not adopt. Yeah. So here the judge was very clear in what the conditions were. They don't match. And there were no objections to the conditions as articulated in the PSR, which is how the conditions are articulated in the judgment, right? Again, Your Honor, the government has identified zero cases where just because a condition is proposed in a PSR. Understood. But there's no, yeah, there were no objections to the conditions in the PSR. Because the conditions in the PSR were not actually imposed. Right. But, okay. When you receive the PSR pursuant to the Federal Rules of Criminal Procedure, I don't know if it was you or trial counsel, there were no articulated objections at that stage to any of the stated conditions. Right. Those weren't conditions, Your Honor. Those were proposals by the probation officer. Well, that's true for everything in the PSR. Factual, the factual, as it exists as a factual record, too, right? Right. But there's no reason to object to proposed conditions until a judge actually imposes them. And here he didn't impose the objections that now have appeared in the judgment, and now we are objecting to them. Let me ask you, so if we agree with you that they're not incorporated, he hasn't incorporated the PSR. We then have to take them, the challenged language individually, don't we, and assess sort of underlined language. I can't remember if you underlined or italicized each one to see whether it's an expansion, an explanation, which would be permitted, or an addition. Do you agree with that analysis, mode of analysis? Right. So clarification in a written judgment is allowed, and the Moyles case is a good example of clarification. The judge there was sentencing an individual convict of three counts. On the first count, he gave him two years. On the second count, he gave one year. And the third count, he gave one year. And he said, the last two sentences shall run consecutively, period. This court said, well, that final statement was ambiguous, consecutive only to each other but concurrent with the first, or consecutive altogether, such that the total sentence is four years. The judge then quickly clarified in the written judgment that he meant consecutive to the others for a total of four years. And this court said, that's a permissible clarification, because the word consecutively was ambiguous with regard to the other sentences in the case. The conditions here raise no such ambiguity. The first condition that were challenging were the judge, the actual proposed condition was, don't have any deliberate contact with a minor. That's clear. That requires no clarification. The written judgment has a condition covering non-deliberate contact with the minor. Don't loiter in areas where a minor might appear. That's a different and new condition, not a clarification. Can I ask you about the one in the fourth condition, which is permitting the – probation office to install any application or software that allows it to survey and or monitor his computer in similar activity. And then there's two additional material. The first, to ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced examinations of any devices that are subject to monitoring. That feels – candidly, that feels closer to me than the others as an explanation, rather than adding something entirely new. Again, Your Honor, respectfully, I disagree. Yeah. Monitoring software is something that you can use remotely to see what the defendant is doing. Here, unannounced examinations of the devices, to me that says, the officer can come into Mr. Rosado's home at any time, look at his phones, look at his computers, search them for things not necessarily related to anything that the monitoring program is looking for. This is a much broader condition than the one the judge actually imposed in the sentencing. All right. Counsel, you have two minutes reserved for rebuttal. Thank you. We'll hear from Ms. Chong. Good morning, and may it please the Court. My name is Jane Chong, and I'm an assistant U.S. attorney here in the Southern District of New York. I represent the United States in this appeal, and I represented the United States below. The Court should affirm the judgment, and that is for two reasons. First, the contested conditions of supervised release were imposed as part of the spoken sentence, and in any event, even if they were not, they permissibly clarify the spoken sentence. Second, as to the defendant's pro se arguments, it is quite clear that, among other things, they are predicated on an incorrect interpretation of the law, including one of the offenses of conviction. So the first part of your first argument, that they were imposed, that's an argument that Judge Rakoff incorporated the PSR. That's right, Your Honor, and in fact, for the reasons that Your Honor stated in the last round of questions. Specifically, as Your Honor correctly noted, at the start of the sentencing, Judge Rakoff did in fact adopt the PSR. Then, when going through... But he's, I mean, that's adoption of the factual record, the recitation of the facts. He didn't say that, but I think it would be difficult to... What specifically did he say? What he did say, Your Honor, when going through the conditions, is he went through the mandatory conditions, the standard conditions, and the special conditions in the order that they are laid out in the PSR. Then, as Judge Schnaithen noted, he actually described or sometimes read the language of the PSR. So you can see that with respect to the mandatory conditions. You can see then that when he gets to the standard conditions, which are long, he chose not to go through each of the 12 conditions. He instead expressly incorporated by reference all of those conditions. That's when he turns to the special conditions, and he does take more time with those. He wants to go through those individually. It's quite clear, and so he does. Instead of doing what he did with the standard conditions, expressly adopting all of them, he marches through the special conditions as listed in the PSR in the order that they're listed in the PSR and reads and slightly paraphrases the most important language in each of those conditions. So polygraph testing, an adult pornography ban, the complete bar on use of any file sharing, which I think would include Google Docs, for example, a virtual bar, as far as I can tell, on most of what constitutes the internet these days, all of those are just sort of – those are not the most important parts of these conditions. Those are extras and sort of tack-ons. Your Honor, I think it's really important to note that the court, among other things, does not, for example, require the appellant to submit to polygraph testing. In fact, if you go ahead and look at the language of – You shall abide by the rules, including submission to polygraph testing. Yes, and I think the key language here is you shall abide by all rules, including submission to polygraph testing. In other words, if polygraph testing is among those rules. And the reason I think that's so important – if Judge Rakoff had said that during the sentencing, defense counsel would have had at least some opportunity to object, to ask for clarification, to contest the extraordinary breadth of this provision. And, Your Honor, I think Judge Rakoff did, in fact, reference this language by paraphrasing in a very specific way with respect to this condition. If you look at the transcript, you'll see that – and I can point you to the citation. This is at A32. I apologize, A33. You'll see that he says you shall undergo a sex-offense-specific evaluation and participation in an outpatient sex offender treatment and or outpatient mental health treatment program on the standard terms and conditions. What does that mean? What does that mean? Yes, Your Honor. On the standard terms and conditions is a phrase that's coming from Judge Rakoff, not from the PSR. And I think it's very clear that he is referencing the black-and-white print that everyone in the courtroom is referencing, and it is the standard terms and conditions that continue on. Well, there is something called standard terms and conditions of supervised release, right? There are standard conditions. Right. And these are not standard conditions. That's correct, Your Honor. And I think the context makes clear that he can't possibly be talking about the standard conditions, which he already – Yeah, but now you're pushing it like – Your argument really just proves how sound the federal defenders are on this. We should have to go through all of this. It seems to me that the government's interests are well served by, if not a bright line, a pretty clear line. If you want to impose these conditions, you have to just say it in front of the defendant at the sentencing and his counsel. So this kind of metaphysical discussion can take place where it should take place at the sentencing. Your Honor, if this court decides that, in fact, this additional language is not pronounced as part of the oral pronouncement, then I think the second argument is important to consider, and that's that these additional provisions are, to a great extent, administrative. What? That they are – You can't seriously be talking about that. Let's just take the one in the – Just take the one we've been dealing with. You can't with a straight face tell us those are administrative conditions. I think that if you accept that the oral pronouncement indicated that that statement as to participating in the treatment program, that the statement about participating in the treatment program is subject to the standard terms and conditions, which, to be clear, the defendant had no questions about because nobody – To be clear, Your Honor – Do you know? The standard conditions are just what's in the PSR. Like, it's quite literally the ones in this PSR. We believe Judge Rakoff was referring to those. He was not passing judgment on what are generally standard conditions of sex offender treatment. He was quite literally referring to the rest of – Then why didn't he say, subject to the conditions stated in the PSR?  Wouldn't have been hard. Same number of words. I do think those were the words that he intended to use. Yeah. And on that note, I do think it's important to recognize that the case law does show that this court considers those contextual cues when assessing what sentence was pronounced. What's a contextual cue? So contextual – If we simply require the judge to announce the sentence in open court in front of the defendant and his or her counsel. I can certainly understand why this court might determine it's too burdensome, and if it did – I mean, wouldn't that make the government's job in these cases just so much easier? I think, Your Honor, that the law makes clear that the context is something that this court considers. That said, I think that on the question of remedy, if this court determined that it would be better or clearer to remand the case, in fact, it could do so with an alternative remedy to the one that the appellant seeks. Specifically, the appellant insists that the only way to do the remand would be with instructions to strike the contested portions of the supervised release conditions. But, in fact, in preparing for oral argument, the government identified two very recently published cases that make clear that is not the only remedy. In the August 2023 decision, United States v. Whitaker, and this is 2023 WL5499363. At issue there was the same issue here. It was about the district court's failure to orally pronounce special conditions of supervised release that were contained in the verdict. These aren't in your brief. That's right, Your Honor. We came across these. This one's actually August 2023, so very recent. And it does say that there the court remanded to the district court with instructions to vacate each condition so that they may be imposed in the defendant's presence. And he's afforded the opportunity to object, which provides exactly the things that Judge Nathan had noted in her questioning of the appellant. There's actually a second case from May 2023, United States v. Barden, and that's 2023 WL3487771, where the district court erred in imposing all three special conditions at issue without pronouncing them orally. And so, again, there was a remand for the limited purpose of reconsidering and, if appropriate, reimposing these supervision conditions at a hearing with the defendant present. And so the same remedy could be ordered here and would be appropriate here because it would take care of all the problems that the defendant, the appellant, indicated arose from the fact he wasn't present when these conditions arose. Well, would that procedure afford the district court an opportunity if he or she so choose to impose more conditions or more onerous conditions from the standpoint of the defendant? No, Your Honor. I think these cases are quite carefully worded to indicate that the only thing that should be considered are the contested conditions that prove to be problematic. Before you sit down, a message to your office. Obviously, district judges have to do this carefully, but the lawyers in your office are standing there when this happens. And so it would be good to remind the government as well as district courts, coming from three former district court judges, we leave things out sometimes. The government should say, just to be clear, Judge, did you mean to incorporate the condition that's contained in the PSR? That would be helpful, and then everybody knows what's going on. It's all of our obligations, but including yours. Completely understood, Your Honor, and thank you. If the court has no further questions, the judgment should be affirmed. Mr. Lashley, do you agree if the district judge says, it's been a long sentencing, I'm not going to read all of these verbatim, but I am incorporating verbatim exactly the conditions as spelled out in the PSR. That's okay, right? Yes, and that would be a different case than the one we have here. I think Your Honor is of a firm understanding of what happened in this case. There was no such paraphrasing or incorporation by reference, Judge Rakoff said. And finally, here are the special conditions. First, second, third, done. He did not include all these additional conditions that appear in the judgment. And if the government really did think that what he meant to do was incorporate the PSR, then as Your Honor just said, the government should have said so at sentencing. It doesn't get a do-over now. When is your prospective date of release for your client? Do you know? I don't know the date right now, Your Honor, but he was sentenced to 20 years. And since it started, when was he? I don't have that information in front of me, I'm sorry. Okay. The government, not in their briefing but today, noted two cases, I think summary orders but I'm not sure, on remedy, suggesting that they're struck but it could be remanded for reimposition orally and opportunity to object. Are you aware of those cases? No, and since they weren't in the government's brief, I haven't looked at them, didn't come across them myself, don't know what the facts are. I don't know how they could be materially different than what happened here. I won't rely on the government's, you know, summary. Would you like to put in a letter responding to the invocation of those cases? I mean, if the government wants to put in a 28-J letter about that, I'll respond. But I think the law is very clear, all the cases we cite in our briefs say that there's one uniform remedy for this error, and that's striking the conditions that weren't pronounced. All right. Why don't we do simultaneous briefing on the cases the government noted. Could you give us the cases again, counsel? Ms. Chong, you said Whitaker. Yes, Your Honor. I'm acting like it's district court. Go ahead. It's Whitaker, which is a summary order, and it's 2023 WL 5499363. These are all second our court's summary orders? Yes, Your Honor. And they're real cases, right? They exist. Yes, Your Honor. Not hallucinations. You didn't get this out of the chat. That's right. And the second case is United States v. Barton. That's 2023 WL 3487771. So within a week from today, just letter briefing on anything you'd like to say about those cases. All right. One last point, Your Honor. Go ahead. Mr. Rosado has made pro se claims, as the court knows. As the court also knows, this court construes pro se arguments liberally to raise the strongest arguments that they can, giving them special solicitude. I urge the court to do that here. Thank you, counsel. Well argued. Appreciate it. I'll take the matter under advisement and turn to.